```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Julio Rodriguez,                    :

        Plaintiff,         :   Case No. 2:12-cv-941

  v.                                :   JUDGE GREGORY L. FROST
                                    Magistrate Judge Kemp
Ron O'Brien, et al.,                :

        Defendants.        :

### REPORT AND RECOMMENDATION

This case, filed by Julio Rodriguez, a state prisoner, is before the Court for an initial screening pursuant to 28 U.S.C. §§1915(e) and 1915A. For the following reasons, it will be recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings <u>in forma pauperis</u>, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." 28 U.S.C. §1915A further provides that in any prisoner case, the Court shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from suit. The purpose of these statutory sections is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law

or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting in their judicial or prosecutorial capacity, are also within the ambit of §1915A. Pro se complaints are to be construed liberally in favor of the pro se party.  See Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

                                II.

     Mr. Rodriguez' complaint is straightforward.  He claims that when he was arrested in 1994 and charged with certain state crimes - crimes which he claims he did not commit, but which resulted in his being convicted and given consecutive life sentences - he was never advised of his rights under the  Vienna Convention.  Mr. Rodriguez is a Mexican citizen, and had the right to contact the Mexican Embassy for consular assistance.  He argues that his convictions were invalid, and he seeks damages for wrongful imprisonment in the amount of $1,600,000.00.  He has sued the Franklin County Prosecuting Attorney, the judge who presided over his

trial, the Franklin County Sheriff, the State of Ohio, and a number of Jane and John Doe assistant prosecuting attorneys and Columbus police officers.

Just as his claim is easily stated, Mr. Rodriguez' claim is easily disposed of. Unfortunately for Mr. Rodriguez, only one Court of Appeals has recognized a private cause of action for damages for alleged violations of Article 36 of the Vienna Convention - and it is not the Court of Appeals for this Circuit. The Court of Appeals for the Seventh Circuit, in Jogi v. Voges, 480 F.3d 822 (7th Cir. 2007), allowed a citizen of India to proceed under 42 U.S.C. §1983 with a claim for damages for alleged violations of the Vienna Convention, reasoning first, that "Article 36 confers individual rights on detained nationals," id. at 834; and, second, that because individual rights are presumptively enforceable under §1983 and "[n]othing in either the Vienna Convention or any other source of law has been presented to us that would rebut this presumption," the suit should proceed. Id. at 835-36.

On this issue, the Seventh Circuit stands alone. Subsequent decisions from the Courts of Appeals from the Eleventh Circuit (Gandara v. Bennett, 528 F.3d 823 (11th Cir. 2008), the Ninth Circuit (Cornejo v. County of San Diego, 504 F.3d 853 (9th Cir. 2007) and the Second Circuit (Mora v. New York, 524 F.3d 183 (2d Cir. 2008)) reached just the opposite conclusion. And in U.S. v. Emuegbunam, 268 F.3d 377, 394 (6th Cir. 2001), the Court of Appeals for this circuit held, in the context of an appeal from a criminal conviction, that "the Vienna Convention does not create a right for a detained foreign national to consult with the diplomatic representatives of his nation that the federal courts can enforce." Thus, the violation about which Mr.

-3-

Rodriguez complaints - assuming, as the Court must, that his claim is true - does not support a cause of action for damages in the federal courts.  Other district courts in this circuit have held as much.  See, e.g., Acosta v. Younger, 2006 WL 27212 (E.D. Ky. Jan. 4, 2006).

It is probably helpful to note that even if some sort of claim could be advanced based on violations of Article 36, success on that claim would not necessarily lead to the conclusion that Mr. Rodriguez was either wrongfully convicted or wrongfully sentenced to prison.  For example, in Sanchez-Llamas v. Oregon, 548 U.S. 33 (2006), the Supreme Court held that even if confession or other evidence were obtained as a result of a violation of Article 36, nothing in the treaty or in American law required the suppression of that evidence at trial.  And if damages for wrongful conviction and incarceration are all that Mr. Rodriguez is seeking, his claims would be barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), which held that in order to succeed on a damages claim for wrongful conviction or incarceration, the plaintiff "must prove that a conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck, 512 U.S. at 486-87.  Otherwise, a state prisoner could simply avoid having to challenge his conviction and sentence in the proper way, which is, in federal court, through a petition for a writ of habeas corpus filed under 28 U.S.C. §2254.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  Acosta, cited above, reached this same conclusion about a federal prisoner's Bivens action raising an Article 36 claim and seeking

damages, stating that "[b]ecause the claim raised in Plaintiff's complaint, if proven, 'necessarily demonstrate[s] the invalidity of [his] conviction,' Plaintiff's cause of action, if any might exist, has yet to accrue." Acosta, at *1, quoting Heck, 512 U.S. at 486-90. Thus, Mr. Rodriguez' complaint simply fails to state a valid claim for relief.  This conclusion makes it unnecessary to reach the question of whether Mr. Rodriguez' claim might be barred by the statute of limitations (he was convicted and sentenced in 1994).

### III.

For all of the reasons stated above, it is recommended that this case be dismissed pursuant to 28 U.S.C. §§1915(e) and 1915A.  Should the Court adopt this recommendation, a copy of the complaint and any dismissal order should be mailed to each of the defendants.

### IV.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the

Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                    <u>/s/ Terence P. Kemp       </u>
                                    United States Magistrate Judge