IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Julio Rodriguez,**

    **Plaintiff,**

  v.                                 Case No. 2:12-cv-941

**Ron O'Brien, et al.,**             **JUDGE GREGORY L. FROST**
                                                  **Magistrate Judge Kemp**

    **Defendants.**

## OPINION AND ORDER

Julio Rodriguez, a state prisoner, filed this case alleging that Ron O'Brien, the Franklin County, Ohio Prosecuting Attorney, and others who are associated with the Franklin County Courts or certain law enforcement agencies, violated his rights by failing to inform him of his right to consular notification as guaranteed by the Vienna Convention.  Mr. Rodriguez was convicted of certain crimes in state court and is serving a lengthy sentence.  A Magistrate Judge of this Court screened the complaint pursuant to 28 U.S.C. §§1915(e) and 1915A and recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted.

Mr. Rodriguez has now filed objections.  Because he has done so, the Court will decide de novo the issue of whether the complaint states a viable claim.  28 U.S.C. §636(b)(1)(B); Fed.R.Civ.P. 72(b).  For the following reasons, the Court **OVERRULES** the objections and dismisses the case.

I.

Mr. Rodriguez' complaint arises from his state court conviction on multiple felony counts, including, according the Ohio Department of Rehabilitation and Correction's website,

rape, for which he is serving a sentence of seventy years to life. He was convicted in either 1994 or 1995. In his complaint, Mr. Rodriguez alleges that he is not a United States Citizen but that, in violation of the Vienna Convention, no one ever advised him of his right to consular notification. He has asked for money damages for wrongful imprisonment. The Report and Recommendation analyzed his claim in this way:

> Unfortunately for Mr. Rodriguez, only one Court of Appeals has recognized a private cause of action for damages for alleged violations of Article 36 of the Vienna Convention - and it is not the Court of Appeals for this Circuit. The Court of Appeals for the Seventh Circuit, in Jogi v. Voges, 480 F.3d 822 (7th Cir. 2007), allowed a citizen of India to proceed under 42 U.S.C. §1983 with a claim for damages for alleged violations of the Vienna Convention, reasoning first, that "Article 36 confers individual rights on detained nationals," id. at 834; and, second, that because individual rights are presumptively enforceable under §1983 and "[n]othing in either the Vienna Convention or any other source of law has been presented to us that would rebut this presumption," the suit should proceed. Id. at 835-36.
>
> On this issue, the Seventh Circuit stands alone. Subsequent decisions from the Courts of Appeals from the Eleventh Circuit (Gandara v. Bennett, 528 F.3d 823 (11th Cir. 2008), the Ninth Circuit (Cornejo v. County of San Diego, 504 F.3d 853 (9th Cir. 2007) and the Second Circuit (Mora v. New York, 524 F.3d 183 (2d Cir. 2008)) reached just the opposite conclusion. And in U.S. v. Emuegbunam, 268 F.3d 377, 394 (6th Cir. 2001), the Court of Appeals for this circuit held, in the context of an appeal from a criminal conviction, that "the Vienna Convention does not create a right for a detained foreign national to consult with the diplomatic representatives of his nation that the federal courts can enforce." Thus, the violation about which Mr. Rodriguez complaints - assuming, as the Court must, that his claim is true - does not support a cause of action for damages in the federal courts. Other district courts in this circuit have held as much. See, e.g., Acosta v. Younger, 2006 WL 27212 (E.D. Ky. Jan. 4, 2006).

Report and Recommendation, ECF No. 6, at 3-4.

The Report and Recommendation also noted that, even if the Vienna Convention had been violated, it would not necessarily follow that Mr. Rodriguez's conviction was invalid, and

2

that if all Mr. Rodriguez were seeking was monetary relief, his claim was probably premature under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

II.

Mr. Rodriguez objects to the recommended dismissal of his Vienna Convention claim because, first, he does not believe that his case should be dismissed without a response from the defendants, and he argues that none of them (or at least not all of them) are entitled to immunity. Next, he argues that his case can be dismissed only if it is frivolous, and he contends that he has presented at least an arguable claim for relief. He also asks for the right to pursue discovery to learn more information about potential defendants (some of the defendants are listed as John or Jane Does), claiming that until their identities are known their immunity status cannot be determined. Finally, he asks the Court to decide, as a matter of first impression in this Circuit, the question of whether a foreign national whose rights under the Vienna Convention have been violated can bring an action directly for that violation, or bring such a suit under 42 U.S.C. §1983.

At the outset, the Court notes that Mr. Rodriguez's objection that a case can be dismissed without a response from the defendants only if it is frivolous or asserts a claim against a defendant who is immune from suit is an incomplete statement of the law. Both 28 U.S.C. §1915(e)(2)(B)(ii), which applies to all cases filed *in forma pauperis*, and 28 U.S.C. §1915A, which applies to cases "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," require the Court to dismiss, upon an initial screening and without ordering service of process on the defendants, an action which "fails to state a claim upon which relief may be granted ...." Thus, this Court must apply the legal standards which

govern motions to dismiss under Fed.R.Civ.P. 12(b)(6) to this and other similar actions in order to determine if the case can survive an initial screening. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("We now decide that the dismissal standard articulated in *Iqbal* and *Twombly* [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] governs dismissals for failure to state a claim under [the *in forma pauperis*] statutes because the relevant statutory language tracks the language in Rule 12(b)(6)").

Applying those standards, the Court agrees that Mr. Rodriguez's complaint must be dismissed for failure to state a claim upon which relief can be granted. Although the Court of Appeals for the Seventh Circuit has recognized a claim for violation of Article 36 of the Vienna Convention dealing with consular notification, the Sixth Circuit Court of Appeals has not, and the language which it used in *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001), to the effect that Article 36 does not create any rights enforceable by a foreign national in a federal court appears to preclude this Court from doing so. The Court is persuaded, in the words of *Mora v. New York*, 524 F.3d 183, 188 (2d Cir. 2008), "that Article 36's obligation to inform detained aliens of the prospect of consular notification and access cannot, when violated, be vindicated by a private action for damages filed in our courts." *Mora* came to that conclusion because treaties are presumed not to create individually enforceable rights "in the absence of express language to the contrary," *id.,* and that Article 36 is silent on the question of whether such an individual right of enforcement exists or how it might be vindicated. Other interpretive aids also led that court to the conclusion that the "rights created by the Convention similarly belong to, and should generally be enforced by, the States-parties to the Convention and their official representatives" rather than individual citizens of the parties to the Convention. *Id*. at

197.  Given that analysis, which the Court adopts, and the Sixth Circuit's *Emuegbunam* decision, the Court holds that Mr. Rodriguez has no right to sue in a federal court for any violation of the Vienna Convention.  That being so, his case is properly dismissed for failure to state a claim upon which relief can be granted.

### III.

For all these reasons, plaintiff's objection (ECF No. 8) to the Report and Recommendation (ECF No. 6) are **OVERRULED**.  The Report and Recommendation is **ADOPTED AND AFFIRMED.**  This case is **DISMISSED** under 28 U.S.C. §§1915(e)(2) and 1915A for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

` /s/ Gregory L. Frost `
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE